**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

HENRY ECKLES, JR.,                    )
                                      )
            Plaintiff,                )
                                      )
      v.                              )        No. 1:20-cv-248-RLW
                                      )
AMY JOHNSON, et al.,                  )
                                      )
            Defendants.               )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Henry Eckles, Jr., a pretrial

detainee at the Scott County Jail, for leave to commence this civil action without prepaying fees

or costs. Having reviewed the motion and the financial information submitted in support, the Court

has determined to grant the motion, and assess an initial partial filing fee of $9.15. Additionally,

for the reasons discussed below, the Court will give plaintiff the opportunity to file an amended

complaint, and will deny without prejudice his motion seeking the appointment of counsel.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is

required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison

account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial

filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account,

or (2) the average monthly balance in the prisoner's account for the prior six-month period. After

payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20

percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The

agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing average monthly deposits in the amount of $45.75 and an average monthly balance of $31.16. The Court will therefore assess an initial partial filing fee of $9.15, which is twenty percent of plaintiff's average monthly deposits.

## Legal Standard on Initial Review

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone*

2

*v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Lieutenant Jail Administrator Amy Johnson, Nurse Joe Robinson, and correctional officer Alex Ressel. Plaintiff indicates he sues Johnson and Robinson in their official capacities only. He does not indicate the capacity in which he sues Ressel; therefore, the Court interprets the complaint as asserting only official-capacity claims against him. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) (Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims."). Plaintiff avers he intends to bring claims of wrongful denial of medical treatment and false imprisonment, and the events giving rise to such claims occurred while plaintiff was a pretrial detainee at the Scott County Jail. In the complaint and attached documents, he alleges as follows.

On September 24, 2020, plaintiff went to the emergency room for complaints of bleeding due to colon cancer, and severe neuropathy. He was later seen in follow up by one Dr. Motney, who prescribed medications. However, the prescriptions were "never filled." It appears plaintiff blames Robinson for this, and also for violating a rule concerning the distribution of medications. However, plaintiff does not clearly explain what Robinson did or failed to do to prevent his prescriptions from being filled. Plaintiff alleges Ressel transported him from the emergency room, and can "confirm [his] paperwork." Plaintiff alleges nothing further concerning Ressel.

3

Plaintiff claims "they" refuse to provide medical attention and do not answer the buzzer; Robinson somehow delayed a follow-up medical visit; and "staff" lied when they told plaintiff he was under medical observation. Plaintiff claims the foregoing is retaliatory because in April or May, he and other inmates witnessed an inmate's death. On October 1, 2020, plaintiff was throwing up blood into the toilet. Robinson visited his cell and told plaintiff he did not see any blood, and was rude. Plaintiff had a follow up visit with a doctor on October 13, 2020, but nothing was done. Plaintiff does not  explain why be believes the defendants are liable to him for false imprisonment.

It appears plaintiff intends to assert additional claims. For example, he alleges jail cells are overcrowded, some inmates must sleep on the floor, bathroom facilities are inadequate, and a grievance he filed was ignored. Plaintiff seeks equitable and monetary relief, including reimbursement for time missed from work due to his allegedly false imprisonment.

After filing the complaint, plaintiff filed three separate documents in an apparent attempt to amend it. He also submitted a letter directed to the attention of the Clerk of Court. It appears plaintiff intends these filings to support his claims of medical mistreatment and false imprisonment. For example, he avers Robinson is giving him medication that is ineffective, he is being refused medical attention, and he is being wrongfully charged in state court. Plaintiff neither provided an amended complaint with the documents, nor indicated an intent for any of the documents to replace the original complaint.

### Discussion

The complaint is subject to dismissal because it fails to state a claim upon which relief may be granted against the defendants in their official capacities. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official.

4

*Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). In this case, plaintiff's allegations establish that the defendants are Scott County Jail employees. However, the Scott County Jail is not an entity that can be sued under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992). To the extent plaintiff can be understood to assert a claim of municipal liability, the complaint contains no factual allegations that could be liberally construed as stating such a claim. *See Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978). Additionally, plaintiff's allegations are wholly conclusory and would fail to state a plausible individual-capacity claim of deliberate indifference to serious medical needs, false imprisonment, or any other claim of constitutional dimension. Finally, as indicated above, plaintiff has expressed a desire to amend the complaint. The Court will therefore give plaintiff the opportunity to file an amended complaint to clearly set forth his claims.

The amended complaint will replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, plaintiff should write the name of the defendant he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify the capacity in which he intends to sue the defendant. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's

5

name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for causing harm. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff must avoid attempting to amend a complaint by filing separate documents containing changes he wants made to certain parts. Instead, plaintiff must file a single comprehensive pleading that sets forth his claims for relief. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amended complaint was not submitted with the motion). Additionally, plaintiff must avoid communicating with the Court via letter. This Court's Local

6

Rules prohibit such communication,[1] and plaintiff's *pro se* status does not excuse him from his obligations to comply with this Court's Local Rules and directives. *See Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."); *Bunch v. Univ. of Ark. Bd. of Trustees*, 863 F.3d 1062, 1067 (8th Cir. 2017) (party's "status as a pro se litigant [does] not excuse [him] from following the local rules.").

Plaintiff has also filed a motion to appoint counsel. The Court will deny the motion at this time, without prejudice. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent *pro se* litigant, the Court considers factors such as the complexity of the case, the litigant's ability to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claims. *Id.*

After considering the relevant factors, the Court concludes the appointment of counsel is unwarranted at this time. Nothing before the Court indicates this case is factually or legally complex, or that plaintiff will be unable to investigate the facts and present his claims to the Court. Also, the motion is premature. The Court will therefore deny the motion for the appointment of counsel without prejudice, and will entertain future motions for the appointment of counsel, if appropriate, as this litigation progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

---

[1] *See* Local Rule 4.04(A) ("Attorneys and self-represented litigants shall not communicate in writing with the Court concerning any pending matter except by motion or memorandum, unless otherwise directed by the Court.").

**IT IS FURTHER ORDERED** that plaintiff's motion for the appointment of counsel (ECF No. 3) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $9.15 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint within thirty (30) days from the date of this Order.

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this _____ day of February, 2021.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE