**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| HENRY ECKLES, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-248-RLW |
| | ) |
| AMY JOHNSON, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of an amended complaint, filed by plaintiff Henry Eckles, Jr., a prisoner who is proceeding *pro se* and *in forma pauperis*. For the reasons discussed below, this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

**Background**

Plaintiff filed the original complaint pursuant to 42 U.S.C. § 1983 against Jail Administrator Amy Johnson and Nurse Joe Robinson in their official capacities, and against correctional officer Alex Ressel. Plaintiff identified the defendants as Scott County Jail employees. He did not indicate the capacity in which he sued Ressel, so the Court interpreted the complaint as asserting only official-capacity claims against him. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995).

Plaintiff averred his claims arose while he was a pretrial detainee at the Scott County Jail, and indicated an intent to claim he was wrongfully deprived of medical treatment, in violation of his Fourteenth Amendment rights. In support, he stated his prescriptions were not filled, and he blamed Robinson for that. However, he set forth no factual allegations describing any wrongful conduct on Robinson's part that caused such harm. In a similarly conclusory fashion, plaintiff

claimed Robinson and unidentified individuals were responsible for delaying and/or denying his receipt of other medical care, including follow-up care with a doctor. Plaintiff also listed jail conditions he believed violated his rights and the rights of other inmates, and wrote "false imprisonment." However, he alleged no facts that would state a claim of constitutional dimension.

As fully set forth in this Court's February 17, 2021 Memorandum and Order, the Court determined the complaint failed to state any official-capacity claims. The Court further determined that even if plaintiff had sued the defendants in their individual capacities, the complaint would be dismissed because plaintiff's wholly conclusory allegations failed to state a plausible medical mistreatment claim, or any other claim of constitutional dimension. The Court gave plaintiff the opportunity to file an amended complaint to cure the deficiencies. In so doing, the Court clearly explained the reasons the complaint was subject to dismissal, and gave plaintiff clear instructions about how to prepare the amended complaint. The Court stressed the importance of alleging facts in support of all of the claims asserted, and of explaining what each named defendant did or failed to do to cause harm. Plaintiff has now filed an amended complaint, which the Court reviews pursuant to 28 U.S.C. § 1915(e)(2).

**Legal Standard on Initial Review**

This Court is required to review complaint filed *in forma pauperis*, and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*

2

*v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Amended Complaint**

Plaintiff filed the amended complaint against Johnson and Robinson in their official and individual capacities. He identifies both defendants as Scott County Jail employees, and he

identifies himself as a pretrial detainee.[1] As in the original complaint, plaintiff avers his claims arose while he was incarcerated at the Scott County Jail. Plaintiff is now incarcerated at the Cape Girardeau City Jail.

Plaintiff sets forth his claims against Johnson in numbered paragraphs. He writes:

1. Amy Johnson - F[al]se Imprisonment wrongly accused me of contraband – bringing a weapon in jail and being held on $20,000 bond for 5 months. Lose wages
2. for Job Oct. 2020 3-2021
3. Scott County Jail
4. Pain and Suffer[]ing
5. Made it Impossible for me to get Proper Medical Treatment
6. Wrongfully charged by State
7. My grievance I filed was Ignored.

(ECF No. 13 at 4). In setting forth his claims against Robinson, plaintiff writes:

The prescriptions that was sent by CO Alex Ressel was never filled by Nurse Joe Robinson plus Sept 24, 2020 was bleeding from colon cancers was told by E.R. Doctors that I must be seen within 2-3 days follow-up but never was seen by a doctor. Nurse Joe Robinson had non-cer[t]ified C.O passing out medication which clearly is violating of rules. Nurse Joe [denied] my medication for reason unknown. CO Alex Ressel can confirm that I had been giving the prescriptions. Medication that was ineffective
Refused medical attention
My grievance I filed was ignored [*sic*]

*Id.* at 5.

## Discussion

Plaintiff's official-capacity claims against the defendants are subject to dismissal. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

---

[1] Review of publicly-available records on Missouri Case.net indicate that plaintiff is facing criminal charges in four cases that are currently pending in the Scott County Circuit Court: *State v. Henry Eckles,* No. 19SO-CR1113-01 (33rd Jud. Cir. 2019); *State v. Henry Eckles,* No. 20SO-CR00058-01 (33rd Jud. Cir. 2020); *State v. Henry Eckles,* No. 20SO-CR00088-01 (33rd Jud. Cir. 2020); and *State v. Henry Eckles,* No. 20SO-CR01057-01 (33rd Jud. Cir. 2020). Included among the pending charges are delivery or possession of a controlled substance at a county jail; unlawful possession of controlled substances and drug paraphernalia: resisting arrest: and driving while revoked/suspended. *See id.*

Here, plaintiff avers the defendants are employed by the Scott County Jail, which is not an entity that can be sued under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992). Additionally, the amended complaint contains no allegations that a constitutional violation resulted from an official municipal policy, unofficial custom, or a deliberately indifferent failure to train or supervise, as would be necessary to attach § 1983 liability to the municipality. *See Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978).

The Court now addresses plaintiff's individual-capacity claims against Jail Administrator Johnson. As noted above, in giving plaintiff leave to file an amended complaint to cure the deficiencies in the original, this Court clearly instructed him to allege facts in support of his claims. Nevertheless, plaintiff alleges simply that Johnson "wrongly accused" him of wrongdoing and "Made it Impossible" for him to get "Proper Medical Treatment." (ECF No. 13 at 4). Although plaintiff was not required to allege facts in painstaking detail, he was required to allege sufficient facts to "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Plaintiff has not done so, and this Court will not assume facts plaintiff has not alleged. *See Stone*, 364 F.3d at 914. Having liberally construed plaintiff's allegations against Johnson, the Court concludes they infer only the "mere possibility of misconduct," and therefore fail to state a plausible claim for relief against Johnson. *Iqbal,* 556 U.S. at 679.

The Court now turns to plaintiff's individual-capacity claims against Nurse Robinson. Plaintiff claims Robinson is liable to him because prescriptions were not filled and because he was not seen by a doctor for follow-up care. However, despite being previously advised of the necessity of doing so, plaintiff alleges no facts explaining what Robinson did or failed to do to cause him to go without prescription medication or follow-up care. To the extent plaintiff intends to bring a

claim premised upon the theory of *respondeat superior*, such claims are not cognizable under § 1983. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995).

To the extent plaintiff intends to claim Robinson violated his Fourteenth Amendment rights by wrongfully depriving him of prescription medication and/or follow-up medical care, he fails to allege sufficient facts to support such claims. "In a deprivation of medical care case, the inmate must show (1) an objectively serious medical need; and (2) the defendants actually knew of the medical need but were deliberately indifferent to it." *East v. Minnehaha County*, 986 F.3d 816, 820 (8th Cir. 2021) (quoting *Jones v. Minn. Dep't. of Corrs.*, 512 F.3d 478, 481 (8th Cir. 2008)). This deliberate indifference standard applies to Fourteenth Amendment claims brought by pretrial detainees and to Eighth Amendment claims brought by convicted inmates. *Id.* (citing *Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014)).

The Eighth Circuit "has repeatedly held mere negligence or inadvertence does not rise to the level of deliberate indifference." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017). Instead, "[d]eliberate indifference is equivalent to criminal-law recklessness, which is 'more blameworthy than negligence,' yet less blameworthy than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate." *Schaub v. VonWald*, 638 F.3d 905, 914-15 (8th Cir. 2011) (quoting *Farmer v. Brennan,* 511 U.S. 825, 835 (1970)). A plaintiff must demonstrate that the defendant's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Jackson*, 756 F.3d at 1066.

In the case at bar, the Court will presume plaintiff has established the first prong of the above test: that he had an objectively serious medical need. However, plaintiff has failed to allege facts permitting the inference that Robinson actually knew of that need. Plaintiff does not allege he communicated with Robinson about his medical condition or his need for any type of

medication or follow-up care, nor does he clearly describe circumstances from which the Court could infer Robinson had the requisite knowledge.

Even if Robinson's knowledge were inferred, the amended complaint contains no factual allegations of any conduct on Robinson's part at all, much less inappropriate conduct that would "evidence intentional maltreatment or a refusal to provide essential care," as necessary to show that Robinson was deliberately indifferent to plaintiff's serious medical needs. *Id.* Instead, plaintiff offers his own unsupported conclusions that Robinson is responsible for his lack of prescriptions and follow-up care. While this Court must accept factual allegations as true, it is free to ignore "unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). This Court previously advised plaintiff of the necessity of alleging facts in support of his claims, and will not now assume facts he has not alleged. *See Stone*, 364 F.3d at 914. Finally, to the extent plaintiff can be understood to allege Robinson is liable to him because he was negligent or committed medical malpractice, such allegations do not state claims of constitutional dimension. *See Kulkay,* 847 F.3d at 643, *Schaub*, 638 F.3d at 914-15. Having thoroughly reviewed and liberally construed the amended complaint, the Court concludes plaintiff has failed to state a plausible claim of wrongful deprivation of medical care against Robinson.

Plaintiff also claims Robinson is liable to him because he "had non-certified CO passing out medication which clearly is violating of rules." (ECF No. 13 at 5). However, even if plaintiff established that Robinson's actions violated a Scott County Jail rule or policy, Robinson would not be liable to plaintiff because the failure to follow a jail policy is not a basis for § 1983 liability. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003), *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997). Finally, plaintiff claims that both Robinson and Johnson are liable to him because

7

a grievance he filed "was ignored." (ECF No. 13 at 4, 5). However, a jail grievance procedure is a procedural right only, and does not confer a substantive right on inmates. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Therefore, a jail official's failure to process or investigate grievances, without more, is not actionable under § 1983. *Id.*

After carefully reading and liberally construing the amended complaint, the Court concludes it is subject to dismissal because it raises claims that are not cognizable under 42 U.S.C. § 1983, and because it fails to state a claim upon which relief may be granted. This is not a situation in which plaintiff should be allowed to file a second amended complaint, as he did not follow all the Court's instructions and cure the deficiencies in the original complaint when previously given the opportunity to amend. The Court will therefore dismiss this case at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 18th day of June, 2021.